**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50339 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04474-H |
| v. | |
| PEDRO MAURICIO-TRUJILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Pedro Mauricio-Trujillo appeals from the district court's judgment and challenges the 37-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Mauricio-Trujillo contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3) by failing to resolve an alleged factual dispute concerning his motive for attempting to reenter the United States. The district court did not violate Rule 32 because there was no factual dispute to resolve; the only issue was the weight to be given to Mauricio-Trujillo's alleged motive. *See United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013) (Rule 32 does not require district court to address assertions that are not factual objections to the PSR).

Mauricio-Trujillo next contends that the district court procedurally erred by (1) failing to respond to his argument regarding his reason for reentry, and (2) imposing sentence based on clearly erroneous facts. The record reflects that the district court adequately addressed Mauricio-Trujillo's argument concerning his motivations for reentering, and that it did not base its sentencing decision upon the finding that Mauricio-Trujillo was an economic migrant.

Finally, Mauricio-Trujillo contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Mauricio-Trujillo's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mauricio-Trujillo's prior

conviction for alien smuggling, two prior deportations, and his numerous

additional encounters with immigration officials. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**